## Barbano v. Barbano

*Edward D. McLaughlin* and *Donald H. Hamilton,* for plaintiff.

*Raymond E. Larson,* for defendant.

SWENEY, J., January 13, 1943.—This matter comes before the court upon a rule to show cause why a preliminary injunction should not issue against defendant to prevent him from interfering with the burial of his wife, Concetta Barbano, who died November 19, 1942.

The practice of a rule to show cause why a preliminary injunction should not issue is not sanctioned by the Equity Rules, but it appears to us to be a fair and equitable practice in that it gives notice to defendant and allows a hearing, before the court acts.

In some respects, this is a sad case. Defendant, Saverio Barbano, and his wife, Concetta Barbano, now deceased, have not lived together for six or seven years. There is some testimony to the effect that defendant left his wife and family without just cause. The fact is that defendant and his family were separated when the wife died on November 19, 1942. There had been a replevin suit for the recovery by defendant from his wife of certain papers, including the "cemetery certificate" covering section 4, range 7, No. 20 of St. Denis Cemetery, in Haverford Township, Delaware County, Pa.: Barbano v. Barbano, 30 Del. Co. 195.

Defendant was the victor in this suit and now has in his possession the "cemetery certificate". The body of his deceased wife now reposes in the receiving vault of this cemetery. Defendant has refused to give his consent to the burial of the wife in the lot and has also refused to surrender the certificate to the cemetery authorities.

The bill filed raises the single question whether the wife has a right under the terms of the certificate to be buried in the lot covered by the certificate without the consent of her husband and the surrender of the certificate.

The certificate reads:

"This certifies that in consideration of the sum of $270 to me by Mr. Saverio Barbano of Radnor Township, Pa., the right is granted to him and the Roman Catholic members of his family to bury in St. Denis' Cemetery. . . ."

It is urged by plaintiff that a member of the family does not need to dwell in the same house as defendant. Defendant insists that he has the right to say who shall be buried in the lot and that his wife has no right of burial in this lot without his consent, since she did not live with him at the time of her death.

It is the law of this Commonwealth that there is no universal rule as to burial of the dead applicable alike

to all cases, but each case must be considered in equity on its own merits, with due regard to public interest, the decedent's wishes, and the rights and feelings of those entitled to be heard by reason of relationship and association: Pettigrew v. Pettigrew, 207 Pa. 313. The surviving spouse has the right of control of the body for interment. To the surviving spouse belongs the right to letters of administration. In the present case, there is no estate and no letters of administration have been applied for. The husband, who has the primary right to the control of the body, refuses to accept this responsibility. The husband avows that he is not financially able to pay for burial.

The primary liability for funeral expenses of this decedent is upon defendant: Henry's Estate, 18 D. & C. 667. His insolvency is an insolvency of a financial nature, but he has a burial lot. In equity, he cannot be heard to say that he will bury his wife, in the next breath, "I have no financial responsibility," and in the next breath, "she cannot be buried in my lot."

This leads us to a construction of the wording of the "cemetery certificate". We feel that the just interpretation is that defendant paid the cemetery to be granted the right to be buried in this lot himself and that this right is extended to the members of his family, as long as they remain Roman Catholics. We do not feel that the phrase "members of his family" means "members of his household". If this were so, a son or daughter, who had married and had left the household, would be prohibited from burying in this lot. And who will be a member of his family after he dies and no longer maintains a home?

It may be that upon final hearing there will be developed a set of facts which will reveal that decedent was not in fact and in law a member of defendant's family. In that event, we will take care of the situation then, but now we feel that a preliminary injunction should issue and we so order.